**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| FRANCINE SCOLARO, <br><br> Plaintiff, <br><br> vs. <br><br> VONS COMPANIES, INC., <br><br> Defendants. | 2:17-cv-01979-JAD-VCF <br> **ORDER** <br><br> MOTION FOR SANCTIONS [ECF NO. 39] AND MOTION TO STRIKE [ECF NO. 48] |

Before the Court is Defendant The Vons Companies' Motion for Rule 37 Sanctions (ECF No. 39) and Motion to Strike the Supplemental Report of Plaintiff's Expert, Michael Schneier, M.D. (ECF No. 48). For the reasons discussed below, Defendant's motions[1] are granted.

## BACKGROUND

Plaintiff Francine Scolaro is seeking damages associated with a slip and fall incident. (ECF No. 39-1 at 3, 9). In her initial disclosures, Plaintiff gave a breakdown of costs totaling $780,000, which has since been amended to $450,000, in future medical expenses based on "the potential need to have additional surgery on her lower back." (ECF No. 39-3 at 6; ECF No. 39-6 at 8). The initial disclosures give no basis or supporting documentation for the amount of future damages.

Plaintiff's initial expert disclosure states that Dr. Schneier is one of Plaintiff's treating physicians. (ECF No. 51-4 at 3). "Dr. Schneier is expected to provide testimony and opinions formed during treatment

---

[1] Defendant's motion for sanctions (ECF No. 39) was partially granted at a hearing held on April 24, 2019 (ECF No. 45). The Court now grants the remaining portion of the motion for sanctions.

1

of the Plaintiff, as well as his expert opinions within a reasonable degree of medical probability as to the…future damages and prognosis…with regard to the incident in this case." (*Id.*). During the discovery period, Dr. Schneier provided an expert report. (ECF No. 51-2). The report discusses "the pro[b]ability of the eventual need for Lumbar 3/4/5 reconstruction," but does not contain any opinions or statements regarding the potential expenses associated with future medical care. (*Id.*). Discovery in this case closed on February 22, 2019. (ECF No. 29).

Defendant moved to preclude Plaintiff from presenting her asserted future medical care costs at trial. (ECF No. 39). Defendant argued that Plaintiff "failed to provide documents or other evidentiary material to support her computation." (*Id.* at 6). In response, Plaintiff asserted that "Defendant is now seeking sanctions for their own failure to request some sort of documentation during discovery" and their failure to ask Dr. Schneier about future costs during his deposition. (ECF No. 42 at 4-5).

I held a hearing on April 24, 2019. (ECF No. 45).[2] The parties confirmed that Plaintiff never provided Defendant with any documents to support her future medical expenses. (*Id.*). Plaintiff's Counsel stated he was not aware of any documents to support the amount, and Plaintiff would only rely on Dr. Schneier's testimony at trial. (*Id.*). I stated that Dr. Schneier would have to give expert testimony, rather than testimony as a treating physician, as to Plaintiff's future costs. (*Id.*). Plaintiff's Counsel agreed that an opinion as to future costs would not be reached by a treating physician during the course of treatment. (*Id.*). I stated that an expert opinion regarding future cost should have been included in Dr. Schneier's report, but no future cost opinion appeared to be included. (*Id.*). I gave Plaintiff one week to file supplemental briefing addressing whether an expert report existed that gave some basis for Plaintiff's future medical expense amount. (*Id.*).

One week after the hearing, Plaintiff filed a supplemental brief. (ECF No. 46). Plaintiff argued that the breakdown of future medical expenses provided in her initial disclosures taken in conjunction

---

[2] ECF No. 45 is the minutes of the hearing, which was recorded.

2

with the statements regarding future treatment in Dr. Schneier's expert report provided sufficient notice to Defendant. (*Id.* at 4). "Notwithstanding the foregoing arguments," Plaintiff also provided a supplemental report by Dr. Schneier outlining the costs associated with "the recommended treatment of an Extreme Lateral Lumber Interbody Fusion of Lumbar One Level." (*Id.* at 4, 8).

Defendant moved to strike Dr. Schneier's supplemental report. (ECF No. 48). Defendant argued the supplement "is untimely disclosed more than 2 months after the close of discovery and after Vons filed its motion seeking exclusionary sanctions." (*Id.* at 2). In response, Plaintiff argued the supplement is timely because it was provided prior to when the parties' pretrial disclosures are due. (ECF No. 50 at 3).

## ANALYSIS

As an initial matter, the Court grants Defendant's motion to strike Dr. Schneier's supplemental report. (ECF No. 48). I made it clear at the April 24, 2019 hearing that my main concern was preventing either party from surprising the opposing side with new documents that had not been produced during the discovery period. (ECF No. 45). That is exactly what Dr. Schneier's supplemental report does. Discovery in this case closed on February 22, 2019 (ECF No. 29), and the report is not a timely supplement under Federal Rule of Procedure 26(e). It was not based on Plaintiff learning that the report was incomplete or incorrect—it was an attempt by Plaintiff to add to Dr. Schneier's opinion. "Rule 26(e) does not create a 'loophole' for a party who wishes to revise its initial disclosure to its advantage after the deadline has passed." *Calvert v. Ellis*, No. 2:13-cv-00464-APG-NJK, 2015 WL 631284, at *3 (D. Nev. Feb. 12, 2015). Therefore, Dr. Schneier's supplemental report (ECF No. 46 at 8) is stricken and cannot be used by Plaintiff in this case.

With the supplemental report stricken, Plaintiff must rely on Dr. Schneier's initial expert report to support her claim for future medical expenses. As discussed at the April 24, 2019 hearing (ECF No. 45), an opinion regarding future medical costs constitutes expert testimony, as it is not formed as a part of a

3

treating physician's course of treatment.³ *See also McPeek v. Harrah's Imperial Palace Corp.*, No. 2:13-cv-01371-JAD, 2015 WL 5286794, at *5 (D. Nev. Sept. 9, 2015) (holding that a party "cannot prove future damages through her treatment providers"). An expert's report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(b)(i).

Dr. Schneier's initial expert report says nothing about Plaintiff's future medical expenses. The report only discusses "the pro[b]ability of the eventual need for Lumbar 3/4/5 reconstruction." (ECF No. 51-2). As stated by Plaintiff, "care and medical care has nothing to do with the cost of the care and medical care." (ECF No. 50 at 4).

"If a party fails to provide information or identify a witness as required by Rule 26(a)…the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court finds that Dr. Schneier's failure to include an opinion regarding future medical expenses was not substantially justified or harmless. Plaintiff argues that Defendant was put on notice of Dr. Schneier's opinion regarding future medical expenses by taking four different documents in conjunction: (1) Plaintiff's initial disclosure giving a breakdown of future medical expenses, (2) Plaintiff's initial expert disclosure stating that Dr. Schneier would give an opinion regarding future costs, (3) Dr. Schneier initial report discussing future surgery, and (4) Dr. Schneier deposition testimony regarding future surgery. (ECF No. 46 at 4). It is not Defendant's burden to piece together Plaintiff's various disclosures to determine what testimony may be offered by an expert, especially when the expert's report contains no mention of a particular topic. As discovery closed on February 22, 2019 (ECF No. 29), Defendant cannot attempt investigate or oppose Dr. Schneier's testimony regarding Plaintiff's future medical expenses.

---

³ For this reason, the Court is not persuaded that Dr. Schneier can testify as to future costs as a typical "fact witness" as Plaintiff now argues. (ECF No. 50 at 7).

4

Because Dr. Schneier's report does not contain the necessary disclosures, he cannot testify regarding Plaintiff's future medical expenses.[4]  Plaintiff's Counsel stated at the April 24, 2019 hearing that there was no other evidence to support Plaintiff's future medical expenses claim.  (ECF No. 45).  Therefore, Defendant's motion for an order precluding Plaintiff from asserting her future medical care cost claim (ECF No. 39) is granted.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Defendant's Motion for Rule 37 Sanctions (ECF No. 39) is GRANTED.  Plaintiff is precluded from asserting her future medical care cost claim in this case.

IT IS FURTHER ORDERED that Defendant's Motion to Strike the Supplemental Report of Plaintiff's Expert, Michael Schneier, M.D. (ECF No. 48) IS GRANTED.  Dr. Schneier's supplemental report (ECF No. 46 at 8) is stricken and cannot be used by Plaintiff in this case

DATED this 5th day of June, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court considered other sanctions provided in Federal Rule of Civil Procedure 37(c)(1), but found that none were adequate.  Defendant has no opportunity to counter Dr. Schneier's proposed testimony regarding future medical expenses.  Excluding the proposed evidence is the most equitable solution.