# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Francine Scolaro,

     Plaintiff

v.

The Vons Companies, Inc., et al.,

    Defendant

Case No.: 2:17-cv-01979-JAD-VCF

**Order Overruling Plaintiff's Objection, Denying Defendant's Motion for Partial Summary Judgment, and Deferring Ruling on Motion in Limine**

[ECF Nos. 32, 44, 54]

     This is a premises-liability case in which Francine Scolaro sues for injuries she claims she sustained during a 2016 slip and fall at a Vons grocery store. As this case advances toward trial, three matters await decision. First, Scolaro objects to Magistrate Judge Ferenbach's order granting The Vons Companies' motion to exclude her treating physician and retained expert, Dr. Schneier, from testifying about her future damages because his report was inadequate and could not be saved by a supplemental report.[1] Scolaro argues that Dr. Schneier was exempt from the expert-disclosure requirements because he is her treating physician, and her future damages can be determined from elsewhere in the record. But Scolaro actually disclosed Dr. Schneier as a retained expert, so he was required to provide his opinion about future damages in his report. That report lacks any discussion of future damages, however, and Scolaro cannot show that the magistrate judge's conclusion that her belated supplemental filing was either substantially justified or harmless is clearly erroneous, so I overrule her objection.

     Next, Vons moves in limine to preclude Nurse Practitioner Kimberly Ann Phillips (another treating medical-care provider) from testifying about the cause of Scolaro's left rotator-

---

[1] ECF Nos. 54 (objection); 52 (sanctions order).

cuff tear, claiming that she is unqualified to render that opinions because she was not retained as an expert and her testimony is otherwise unreliable.[2] It also moves for partial summary judgment on Scolaro's damages for her shoulder injury on grounds that neither Phillips nor Dr. Yu (the orthopedic surgeon who repaired the injury) can establish causation; thus, she is precluded from recovering for this injury.[3] Because I conclude that an expert opinion is required to establish causation in this case, but the record is too bare for me to rule on Phillips's qualifications as an expert, I defer my ruling on Vons's motion in limine pending a *Daubert* hearing and deny without prejudice its motion for partial summary judgment.

**Introduction**

**A. Scolaro sues Vons after she slipped and fell at the grocery store.**

In July 2016, Scolaro was shopping at a Vons grocery store when she slipped on a puddle next to a wet-floor sign by a pizza freezer.[4] Scolaro filled out a customer accident form, stating that she injured her knee, elbow, right wrist, and left side of her neck.[5] She then sued Vons for negligence (asserting a theory of vicarious liability and/or respondeat superior) and negligent hiring, training, supervision, and retention.[6] She seeks damages for her medical expenses to date, future medical costs, anticipated lost wages, and pain and suffering.[7]

Scolaro sought treatment from several providers for her injuries, including Nurse Practitioner Phillips, Dr. Schneier, and Dr. Yu. Phillips was Scolaro's initial treating medical-

---

[2] ECF No. 44 (motion in limine).

[3] ECF No. 32.

[4] ECF No. 49-1 at 3–5, 8; ECF No. 32-3 at 3.

[5] ECF No. 49-1 at 10–11; ECF No. 32-6 (customer accident form).

[6] ECF No. 32-2.

[7] ECF No. 32-14.

care provider.[8]  Phillips saw Scolaro about two weeks after the fall and after Scolaro went to the emergency room, and treated her for pain in her lower back "that radiates down her left buttock into the hip/groin and down her leg to her ankle," as well as neck pain that radiates down her left arm into her dominant (left) hand."[9]  Phillips continued treating Scolaro and, in 2018, entered a progress note stating that "[Scolaro] has bee [sic] evaluated for [l]eft shoulder pain and will need surgery on the (L) shoulder for multiple tears that are with a reasonable degree of certainty related to the fall."[10]  Phillips was not retained as an expert, but she is expected to testify about the "facts and circumstances surrounding the incident, injuries and treatment resulting therefrom . . . and the alleged damages."[11]

Dr. Schneier is a neurosurgeon who performed spinal-cord surgery on Scolaro.[12]  Scolaro designated Dr. Schneier as another treating physician who is expected to testify about the "facts and circumstances surrounding the incident, injuries and treatment resulting therefrom . . . and the alleged damages."[13]  However, Dr. Schneier is also a retained expert who is expected to provide his expert opinion about "the nature and extent of [her] injuries, including causation, treatment, expected treatment, future damages and prognosis."[14]  Dr. Schneier submitted a report discussing his treatment of Scolaro, but it lacks any discussion about future damages.

---

[8] *Id*. at 3–4.

[9] ECF No. 32-8.

[10] ECF No. 32-10 at 2.

[11] ECF No. 32-14 at 4.

[12] ECF No. 32-16.

[13] ECF Nos. 32-14 at 4; 32-16.

[14] ECF No. 32-15 at 3.

Finally, Dr. Yu is an orthopedic surgeon who diagnosed Scolaro with a tear on her left shoulder rotator cuff and repaired it almost one-and-a-half years after the fall.[15]  While he diagnosed and repaired the tear, Dr. Yu offers no opinion on the cause of the injury.[16]  Dr. Yu is also not a retained expert.  Like Phillips, he is designated as a treating physician who is expected to testify about the "facts and circumstances surrounding the incident, injuries and treatment resulting therefrom . . . and the alleged damages."[17]

**B.     Magistrate Judge Ferenbach grants Vons's motion to prohibit expert testimony from two of Scolaro's providers but allows them to testify as percipient witnesses of the treatment rendered.**

Vons filed moved for partial summary judgment just days after moving to preclude Scolaro's treating providers—Nurse Practitioner Phillips and Dr. Yu—from offering expert testimony because Scolaro did not disclose them as experts and failed to provide the expert report or a disclosure as required under Rule 26(a)(2)(B) or (C).[18]  Vons also moved for an exclusionary sanction for Phillips's causation testimony due to Scolaro's failure to comply with the disclosure requirements and further moved to preclude Phillips from testifying about the cause of Scolaro's left-shoulder injury because Phillips testified that she had no experience treating patients with such injuries, did not treat Scolaro for that injury, and did not perform the surgical repair on Scolaro.[19]

Magistrate Judge Ferenbach granted the exclusion motion "to the extent that the testimony of Ms. Phillips and Dr. Yu are limited to the testimony of what they physically saw

---

[15] ECF No. 32-9.

[16] *Id*. at 3.

[17] ECF No. 32-14 at 5.

[18] ECF No. 31 at 9.

[19] *Id*. at 12–14.

and if they formed any opinions that where formed during the course of treatment as already

disclosed in documents produced, as stated on the record."[20]  Vons's counsel, Jack B. Burden,

attested that the magistrate judge granted the motion but explained that "the portion of the

Motion seeking to preclude Ms. Phillips from offering expert testimony under *Daubert* should be

more appropriately requested through a motion in limine."[21]  Neither party objected to that

ruling.

### C.    Magistrate Judge Ferenbach precludes Scolaro from asserting a claim for future medical costs.

Vons moved for a Rule 37 exclusionary sanction to preclude Scolaro from seeking

damages for lost wages and future medical care costs at trial because Scolaro had failed to

provide a computation for those costs as required under Rule 26(a)(1).[22]  It also moved to Strike

the supplemental report of one of Scolaro's treating physicians, Dr. Schneier, because his initial

report did not contain a cost computation for future medical costs, and the supplemental report

was untimely and inadequately supported.[23]  The magistrate judge granted both motions,

explaining that because Dr. Schneier's original expert report did not support Scolaro's claim for

future medical costs, Scolaro could not rely on Dr. Schneier's untimely supplemental report to

save his future-costs claim "with new documents that had not been produced during the

discovery period."[24]  The magistrate judge granted both of Vons's motions, thus precluding

Scolaro from seeking a claim for future medical costs for a potential surgery.

---

[20] ECF No. 45 (minutes).

[21] ECF No. 44 at 2–3.

[22] ECF No. 39.

[23] ECF No. 48.

[24] ECF No. 52 at 3–5.

**Discussion**

**A.      Scolaro's objection to Magistrate Judge Ferenbach's sanctions order [ECF No. 54]**

Scolaro objects to the magistrate judge's order precluding her from asserting a claim for future medical damages at trial based on Dr. Schneier's inadequate expert report.[25]  Scolaro claims that Dr. Schneier is a "hybrid witness"—one who was not specifically retained as an expert but who, as a treating provider, has both factual and expert knowledge—and she argues that because Rule 26(a)(2)(C)(ii) only requires such witnesses to submit a summary disclosure (not a report), it was not necessary for Dr. Schneier's initial report to contain "a detailed disclosure" of his testimony about future medical costs.[26]

Vons responds that Judge Ferenbach properly granted its motion for Rule 37 exclusionary sanctions because Dr. Schneier is a retained expert—Scolaro disclosed him as such—so he was subject to the expert-report requirements.[27]  It adds that, even if Dr. Schneier qualifies as a hybrid expert, Scolaro's summary disclosure was too generic and unhelpful to satisfy Rule 26(a)(2)(C)(ii), and, regardless, this opinion about future damages falls outside the proper scope of a hybrid expert's testimony because it was not formed during the course of treatment.[28]

**1.      Objections to a magistrate judge's sanctions order are reviewed under a clearly erroneous standard.**

District courts may only reconsider any pretrial order of a magistrate judge if it is "clearly erroneous or contrary to law."[29]  The clearly erroneous standard applies to a magistrate judge's

---

[25] ECF No. 54.

[26] *Id.* at 3–4.

[27] ECF No. 55 at 5–6.

[28] *Id.* at 6–7.

[29] 28 U.S.C. § 636(b)(1)(A); L.R. IB 3-2.

findings of fact.[30]  "A finding is clearly erroneous when[,] although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[31]  A magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure."[32]  The district judge "may affirm, reverse, or modify" the rulings and recommendations of the magistrate judge, or remand the ruling and resubmit the matter to the magistrate judge with instructions.[33]

### 2. Disclosure requirements for retained and non-retained experts and Rule 37(c)(1) exclusionary sanctions

Federal Rule of Civil Procedure 26 governs the discovery process.  Rule 26(a)(2)(A) states that "a party must disclose to the other parties the identity of any [expert] witness it may use at trial to present evidence" and requires additional disclosures for witness who will present evidence under Federal Rules of Evidence 702, 703, or 705.  Under Rule 26(a)(2)(B), witnesses who are retained as experts must prepare and submit a report generally containing their opinions, facts or data considered, exhibits, their qualifications, compensations, and experience testifying in other cases.

Conversely, non-retained experts are not subject to the same reporting requirements.  Rule 26(a)(2)(C) states that non-retained experts need only disclose "(i) the subject on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  "This

---

[30] *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 623 (1993).

[31] *Id*. at 622 (internal quotations marks and citation omitted).

[32] *Glob. Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, 2012 WL 3884939, at *3 (D. Nev. Sept. 6, 2012).

[33] L.R. I.B. 3-2; L.R. I.B. 3-1.

disclosure is considerably less extensive than the report required" for retained experts under Rule 26(a)(2)(B).[34]  The Rule contemplates that it applies to "physicians or other health care professionals . . . who do not regularly provide expert testimony."[35]  Treating providers are often considered "hybrid experts" because they can provide both fact testimony (as percipient witnesses to the services rendered to the patient) and expert testimony (based on their specialized knowledge).[36]

Despite the relaxed disclosure requirement for non-retained experts, the Rule 26(a)(2)(C) disclosure must contain enough detail to allow the opposing party to make "an informed decision on which, if any, . . . treating physician it should depose" or cross-examine.[37]  An inadequate disclosure may result in an exclusionary sanction for that witness.  Rule 37(c)(1) "gives teeth to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed."[38]  This sanction is "self-executing" and "automatic" so that parties are strongly motivated to comply with the rules.[39]  Even if there is no express court order on disclosure—and even without evidence of bad faith—"exclusion is an appropriate remedy for failing to fulfill the disclosure requirements of  Rule 26(a)."[40]  Exclusion can be appropriate even

---

[34] Fed. R. Civ. P. 26 Advisory Comm. Notes (2010).

[35] *Id*.

[36] *Id*.; *see also Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 819 (9th Cir. 2011).

[37] *See Pineda v. City & Cty. of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. 2012) ("Without information as to the opinions Plaintiffs' non-retained expert witnesses are expected to testify to and the main facts on which these opinions are based, Defendant's ability to meaningfully depose or cross-examine these witnesses is undermined.").

[38] *Goodman*, 644 F.3d at 827 (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).

[39] *Yeti*, 259 F.3d at 1106 (quoting Fed. R. Civ. P. 37 Advisory Comm. Note).

[40] *Id*. (citing Fed. R. Civ. P. 26(a) and Fed. R. Civ. P. 37(c)(1)).

if barring experts will make it "much more difficult, perhaps almost impossible" for a party to prove its case at trial.[41]  Under Rule 37(c)(1), the trial court can permit inadequately disclosed expert testimony only if the failure to disclose "was substantially justified or is harmless."[42]

### 3.  Scolaro has not demonstrated that Judge Ferenbach's order was clearly erroneous or contrary to law.

#### a.  Dr. Schneier is a retained expert who was required to provide and support his opinion on Scolaro's future medical costs.

Dr. Schneier is not a hybrid witness.  Scolaro initially disclosed Dr. Schneier as her treating physician who was expected to testify about the "incident, injuries[,] treatment . . . and the alleged damages,"[43] but she later listed Dr. Schneier in her expert disclosures as her retained expert who, in addition to the previous topics, would be testifying "within a reasonable degree of medical probability [about] expected treatments, future damages[,] and prognosis."[44]  This designation moved Dr. Schneier from the category of a non-retained treating physician under Rule 26(a)(2)(C) to a retained expert under Rule 26(a)(2)(B).  As Dr. Schneier is a retained witness, his report had to contain "a complete statement of all opinions the witness will express and the basis and reasons for them."[45]  But his report does not contain any discussion about future medical costs, so any testimony on that topic must be excluded because it was not

---

[41] *See id*. (discussing the difficulty of rebutting a damages calculation without expert witness).

[42] *Id*. (citing Fed. R. Civ. P. 37(c)(1)).

[43] ECF No. 55-3 at 4.

[44] ECF No. 55-2 at 3.

[45] Fed. R. Civ. P. 26(2)(b)(i).

properly disclosed.[46]  Judge Ferenbach correctly determined that an exclusionary sanction under Rule 37 was appropriate.

Even if Dr. Schneier qualifies as a hybrid witness, Scolaro's disclosures were still inadequate.  Rule 26(a)(2)(C) requires disclosures of "the subject matter on which the written witness is expected to present evidence under Fed. R. Evid. 702, 703 or 705"[47] and "a summary of facts and opinions to which the witness is expected to testify."[48]  None of Scolaro's disclosures mentions Dr. Schneier's opinion about his future-costs calculation or the facts on which he relies.[49]

### b.    The supplemental report was untimely.

Scolaro also theorizes that Dr. Schneier's summary disclosure was timely supplemented under Rule 26(e)(2), which allows for "additions or changes" before the party's pretrial disclosures are due.[50]  She relies on two Nevada Supreme Court cases for the propositions that (1) an expert witness can testify, even without a cost disclosure, if the defendant's own expert can contest the testimony;[51] and(2) a court does not abuse its discretion in allowing the witness to testify about future damages, despite not having disclosed the computation in an expert report, if the computation was provided in discovery, albeit late.[52]

---

[46] *See* ECF No. 55-4.

[47] Fed. R. Civ. P. 26(a)(2)(C)(i).

[48] Fed. R. Civ. P. 26(a)(2)(C)(ii).

[49] *See* ECF No. 55-3 at 4; ECF No. 55-4.

[50] ECF No. 54 at 3.

[51] *Id*. at 5 (citing *Pizarro-Ortega v. Cervantes-Lopez*, 396 P.3d 783, 788 (Nev. 2017)).

[52] *Id*. (citing *Capanna v. Orth*, 432 P.3d 726, 733–34 (Nev. 2018)).

Vons responds that Judge Ferenbach correctly determined that Dr. Schneier's supplemental report violated Rule 26 because it "'surprises the opposing side with new documents that had not been produced during the discovery period [and] was not based on Scolaro learning that the [initial] report was incomplete or incorrect—it was an attempt by Scolaro to add to Dr. Schneier's opinion.'" The sole reason Judge Ferenbach allowed Scolaro to file the supplemental report was for Scolaro to show the court where in the previously-disclosed report Dr. Schneier discussed his computation of future damages, which Scolaro could not do because the previously disclosed report did not contain cost computation information.[53]

The purpose of expert-witness disclosures is to prevent unfair surprise. Expert-witness disclosures are due "at the times and in the sequence that the court orders."[54] Rule 26(e) creates a "duty to supplement" an initial expert disclosure "if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."[55] "[S]upplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was *not available at the time of the initial disclosure*."[56] The rule does not "create a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her

---

[53] *Id*. at 2.

[54] Fed. R. Civ. P. 26(a)(2)(C).

[55] *Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009) (internal quotation marks omitted) (citing Fed. R. Civ. P. 26(e)).

[56] *Id*. (alternations and internal quotation marks omitted) (emphasis added).

opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed."[57]

Failure to comply with that rule triggers the sanctions in Rule 37(c)(1), which states that a party who fails to disclose a witness as required in Rule 26(a) may not rely on that witness's testimony "unless the failure was substantially justified or harmless."[58] The party facing sanctions under Rule 37 has the burden of showing substantial justification or harmlessness.[59] Courts have outlined several factors for determining whether substantial justification or harmlessness exists, including (1) prejudice or surprise to the party against whom the evidence is offered, (2) the ability of that party to cure the prejudice, (3) the likelihood of disruption of trial, and (4) bad faith or willfulness in not timely disclosing the evidence.[60]

Judge Ferenbach concluded that Scolaro's supplemental report was untimely because it was filed two months after the close of discovery and was submitted only after Vons moved for an exclusionary sanction based on the report's failure to comply with Rule 26(a).[61] Indeed, the supplemental report does not contain "information that was not available at the time of the initial disclosure,"[62] nor does Scolaro claim so. Instead, Scolaro contends that she provided Vons the damages estimate "continuously through discovery," updating it as necessary, but that Vons failed to conduct its own discovery on the amount of future damages.[63] She argues that it was

---

[57] *Id.*

[58] Fed. R. Civ. P. 37(c)(1).

[59] *See Yeti*, 259 F.3d at 1106–07.

[60] *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003); *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x. 705, 713 (9th Cir. 2010).

[61] ECF No. 52 at 3.

[62] *Luke*, 323 F. App'x at 500.

[63] ECF No. 54 at 6.

Vons that failed to "request a clarification, basis, or other reason . . . for any information beyond the provided estimation" and that she will be prejudiced if Dr. Schneier is unable to testify about future costs.[64]

But again, that is the point of the sanction. Rule 37(c)(1) sanctions are automatic. Scolaro fails to provide a justification for her error or show how the untimely supplement would not prejudice Vons at trial. And, as Vons argues, this testimony would harm it because, now that discovery has closed, it cannot "'investigate or oppose'" the claim.[65] The supplemental report's cost computation is new information that was not included in Dr. Schneier's initial report.[66] It is a belated attempt to avoid an exclusionary sanction for having provided an inadequate initial expert report—the very scenario that the disclosure and supplementation rules seek to avoid.

### c. Dr. Schneier cannot testify about future medical costs as a fact witness.

Nor can Dr. Schneier testify as a fact witness about his opinion on Scolaro's future medical costs because such an opinion is not one that arises naturally from his course of treatment.[67] Federal Rule of Evidence 701 states that non-expert- or lay-person- opinion

---

[64] *Id.* at 6–7.

[65] ECF No. 55 at 2.

[66] ECF No. 55-5.

[67] ECF No. 54 at 7 (citing *Clark v. Thomas*, 2014 WL 2573738 (D. Nev. June 6, 2014)). Scolaro misinterprets my ruling in *Clark v. Thomas*—that case does not stand for the proposition that a witness can testify about future damages simply because the opinion meets the requirements under FRE 701 and 602. 2014 WL 2573738 at *1–*2. I held that a plaintiff who had not identified any experts during the discovery process could not then offer expert-opinion evidence at trial. *Id.* at *1-2. Based on this non-disclosure, the plaintiff and his witnesses could testify about damages-related facts of which they had personal knowledge so long as the testimony was "not the kind of testimony that an expert would offer." *Id.* None of the plaintiff's witnesses could testify as experts at trial or "offer any diagnosis or prognosis about Clark's medical condition," including expert-like testimony on future damages. *Id.* at *3.

testimony is limited to statements "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[68]  In addition, Rule 602 permits a witness to testify about a matter if he has personal knowledge about it.  An opinion about future medical costs is an expert opinion,[69] and Scolaro specifically disclosed him as her retained expert to testify about future damages.[70]  Dr. Schneier future-damages testimony falls outside the scope of FRE 701 and 602 because it is based on his specialized knowledge.  Dr. Schneier's opinion on future medical costs thus had to meet the requirements under FRE 702, and because his expert report lacks any discussion about future damages, Magistrate Judge Ferenbach correctly concluded that Dr. Schneier cannot testify about future medical costs.[71]  Scolaro's objection to that ruling is therefore overruled.

**B.      Vons's motion in limine and for partial summary judgment [ECF No. 32, 44]**

Vons moves for partial summary judgment on the damages portion of Scolaro's negligence claim that involves her left shoulder injury.[72]  Vons argues that Scolaro cannot establish the cause of that injury because causation in this case requires expert testimony, and Scolaro failed to disclose as experts two of her treating medical providers—Nurse Practitioner Phillips and Dr. Yu—as required under Federal Rule of Civil Procedure 26(a)(2), so they should be precluded from testifying about causation at trial.  Vons pairs that dispositive motion with a

---

[68] Fed. R. Evid. 701.

[69] *See McPeek v. Harrah's Imperial Palace Corp.*, 2015 WL 5286794, at *5 (D. Nev. Sept. 9, 2015) (holding that a party "cannot prove future damages through her treatment providers")).

[70] ECF No. 55-2 at 3.

[71] *See* ECF No. 55-4.

[72] ECF No. 32.

motion in limine to preclude Phillips from offering expert causation testimony, arguing that she is unqualified to give that conclusion and that her proposed testimony is unreliable.[73]  Because my ruling on the motion in limine bears on the partial summary-judgment motion, I address the motion in limine first.  And because Vons did not object to Magistrate Judge Ferenbach's ruling that Nurse Phillips can testify about conclusions she reached while treating Scolaro, I begin my analysis from the premise that Nurse Phillips can testify as a percipient witness to the treatment she rendered to Scolaro.

### 1.    Admissibility of treaters' opinions

Federal Rule of Evidence 702, as modified in light of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, provides that "[a] witness who is qualified as an expert . . . may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."[74]  The principles of *Daubert* apply to both scientific[75] and "technical" or "other specialized" knowledge.[76]  When determining the admissibility of such evidence in advance of trial, the court undertakes a "gatekeeping" function to ensure that the jury's consideration of evidence is not contaminated by irrelevant or scientifically unsupported testimony.[77]  The court enjoys broad discretion over the discharge of this gatekeeping authority,

---

[73] ECF No. 44.

[74] Fed. R. Evid. 702; *see Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

[75] *Daubert*, 509 U.S. at 595.

[76] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999).

[77] *See United States v. Alatorre*, 222 F.3d 1098, 1100–03 (9th Cir. 2000).

"not only . . . in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability."[78]

### 2. Whether *Daubert* and FRE 702 apply to Phillips's causation testimony

Vons moves in limine to preclude Phillips from offering expert testimony at trial on the cause of Scolaro's shoulder injury.[79] It argues that Phillips's opinion and proposed testimony fail to comply with the expert-testimony requirements under FRE 702 and *Daubert* because, (1) as a nurse practitioner, Phillips lacks the specialized knowledge and training to diagnose or treat such injuries and (2) her testimony is unreliable because it is unsupported by facts or data. Vons points to a litany of factors to support its argument that Phillips is "eminently unqualified" to render a causation opinion, including that: (1) Phillips failed to "articulate the procedure or purpose of . . . two well-known and elementary diagnostic tests used to detect orthopedic shoulder injury," so she could not have possibly determined the cause of "a complex rotator cuff tear"; (2) she neither diagnosed nor repaired Scolaro's rotator cuff tear; (3) she is not a licensed orthopedic doctor or surgeon; (4) she testified that she had not previously treated a patient for a rotator cuff repair; and (5) Phillips's progress note containing her conclusion that the rotator cuff tear was "within a reasonable degree of certainty related to the fall" is unreliable because Phillips did not discuss what methodology she used to arrive at that conclusion.[80]

Scolaro responds that FRE 702 and *Daubert* don't apply because Phillips was not offered as an expert and, as her treating physician, Phillips may testify about causation if she formed the

---

[78] *Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1064 (9th Cir. 2002), *amended on other grounds by* 319 F.3d 1073 (9th Cir. 2003).

[79] ECF No. 44.

[80] *Id.* at 7, 9, 11.

opinion during the course of treatment.[81]  She contends that Phillips's causation opinion is also

not subject to the expert-witness requirements because Vons did not challenge causation and the

cause is immediately apparent.[82]  And even if *Daubert* and FRE 702 apply, Scolaro argues,

Phillips is qualified to render that opinion based on her 15 years of experience as a licensed nurse

practitioner who is legally allowed to practice as a primary-care provider.[83]  She adds that much

of Vons's arguments are based on Phillips's testimony taken out of context,[84] which, if read

properly, shows that Phillips correctly described the tests she used on Scolaro, and it was not

necessary for Phillips to know the extent of the injury as her job is to identify it and refer the

patient to a specialist.[85]  Scolaro concludes that Vons is, in fact, arguing that Phillips's testimony

lacks credibility—an issue for the jury to decide.[86]

   "[T]o prevail on a negligence claim, a plaintiff must establish four elements: (1) the

existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages."[87]

Expert testimony is not always required to establish causation in a negligence case: an expert is

required when "the cause of the injuries is not immediately apparent" or the injury "may have

many causes," but not when the connection "would be obvious to laymen."[88]

---

[81] ECF No. 49 at 5.

[82] *Id*. at 5–9.

[83] *Id*. at 12 n.48 (citing Nev. Rev. Stat. § 632.2597(1)(b)).

[84] *Id*. at 9–13.

[85] *Id*. at 9.

[86] *Id*. at 13.

[87] *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc*., 221 P.3d 1276, 1280 (Nev. 2009).

[88] *See Elliott v. Prescott Companies, LLC*, 2018 WL 3731087, at *5 (D. Nev. Aug. 6, 2018), *appeal dismissed sub nom. Elliott v. Oakridge Indus., Inc.*, 2018 WL 7298162 (9th Cir. Dec. 4, 2018) (quoting *Lord v. State*, 806 P.2d 548, 551 (Nev. 1991) ("When 'the cause of injuries is not immediately apparent, the opinion as to the cause should be given by one qualified as a medical expert.'")); *Layton v. Yankee Caithness Joint Venture, L.P.*, 774 F. Supp. 576, 580 (D. Nev.

Scolaro contends that no expert testimony is needed because the cause of her injury is obvious—she complained of shoulder pain from the beginning.[89]  Phillips's progress notes from July 2016 and  August 2017 do not contain a causation opinion; they state only that Scolaro fell on her left side and had "[n]eck pain with radiation of symptoms to the left arm."[90]  Only the April 2018 note states that Phillips was "evaluated for Left shoulder pain" and needed surgical repair "for multiple tears that are with a reasonable degree of certainty related to the fall."[91]  Phillips also testified that "[n]eck pain often radiates into the shoulder" and that she performed two diagnostic nerve tests—the Neer's and Hawkin's tests—during her initial examination, both which of had negative results, and that Scolaro had full range of motion.[92]  Phillips added that it "was difficult in her exam . . . [to determine] whether the pain that [Scolaro] was complaining about in her shoulder was due to a chronic condition, or whether it was simply healing from the severity of the issue going on with her neck."[93]  Based on this record, causation from the fall is not apparent because any injury to Scolaro's left shoulder did not become apparent until after the neck surgery; thus, the opinion is outside the scope of lay witness testimony.[94]  The fact that Phillips concluded that the fall caused the injury by "a reasonable degree of certainty" shows that

1991) (holding that expert testimony was required on causation where causal relationship between chemical emissions and various injuries was unclear); *Morgan v. Best Buy Co.*, 2018 WL 2245059, at *1 (D. Nev. Feb. 15, 2018) ("But expert causation testimony is not required where the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile.") (internal quotation marks and citation omitted)).

[89] ECF No. 49-1 at 13–14.

[90] ECF Nos. 44-5 at 2; 49-9 at 2–3.

[91] ECF No. 49-6 at 2.

[92] ECF No. 44-8 at 3–5; ECF No. 32-8.

[93] ECF No. 49-7 at 7.

[94] *See* Fed. R. Evid. 701.

this opinion is expert-like testimony that requires specialized knowledge, unlike that of a lay witness.[95]

Additionally, there is evidence that Phillips did not arrive at her conclusion during the course of treatment. Phillips neither diagnosed nor performed the surgical repair; it was Dr. Yu who conducted those tests and the surgical repair.[96] Thus, Phillips's causation testimony is outside the scope of Rule 701; instead, it qualifies as expert testimony and must satisfy Rule 702.

But there is not enough evidence in the record or briefing for the court to determine whether Phillips is qualified to give an opinion on causation or whether that opinion is reliable. Both parties attached incomplete copies of Phillips's deposition transcript that omit her qualifications. No party has provided her curriculum vitae or a discussion of any principles or methods used or what, if any, other potential causes Phillips ruled out. All that I can glean is that Phillips is a licensed nurse practitioner working at a pain-management facility who could not remember treating a similar injury.[97] The record is thus too undeveloped for me to complete a *Daubert* and Rule 702 analysis.

Rule 104(a) gives courts discretion to set a pretrial evidentiary hearing to determine preliminary evidentiary issues, such as whether a witness is qualified and whether that testimony is reliable.[98] Vons has shown cause to doubt Phillips's qualification to offer her causation

---

[95] *See* Fed. R. Evid. 702.

[96] ECF No. 32-9 at 3–4.

[97] ECF Nos. 44-5; 44-8 at 6.

[98] *See generally, Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) ("While pretrial "Daubert hearings" are commonly used, . . . they are certainly not required."); *Colon ex rel. Molina v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 70 (S.D.N.Y. 2001) (declining to hold *Daubert* hearing where record was fully developed).

opinion and whether that opinion is reliable, and Scolaro does little to overcome that doubt.  So I find that a *Daubert* hearing is necessary to resolve the motion in limine.

### 3. Vons's motion for summary judgment is premature.

Vons asks this court to enter partial summary judgment in its favor for the portion of damages for Scolaro's left shoulder injury.[99]  It argues that because neither Phillips nor Dr. Yu can testify as to causation, Scolaro cannot establish her negligence claim.[100]  Scolaro responds that expert testimony is not necessary because her treating physicians may provide their opinions about the cause of an injury if "formed during the course of providing treatment" and that they are not subject to the expert-report requirement of Federal Rule of Civil Procedure 26(a)(2)(B).[101]  Although Dr. Yu will not be providing causation testimony,[102] whether Phillips will remains to be determined.  Vons put the cart before the horse by moving for partial summary judgment a month and a half before it moved to preclude Phillips's causation testimony, and with the Phillips issue outstanding, genuine issues of material fact remain.  So I deny Vons's motion for partial summary judgment without prejudice to Vons's ability to file a new motion on this limited issue within 10 days of my decision on the motion in limine to preclude Phillips's causation testimony.[103]

---

[99] ECF No. 32 at 2.

[100] *Id*. at 7–8.

[101] ECF No. 37 at 5.

[102] ECF No. 32-9 at 3 (Dr. Yu testified at deposition that he will not provide a causation opinion at trial).

[103] ECF No. 44.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that plaintiff's objection to the magistrate judge's sanction order **[ECF No. 54] is OVERRULED**.

It is FURTHER ORDERED that a ruling on defendant's motion in limine **[ECF No. 44] is DEFERRED** until after a *Daubert* hearing to determine admissibility and reliability of Phillips's causation opinion. **That hearing will take place in Courtroom 6D of the Lloyd D. George Courthouse on January 17, 2020, at 9 a.m.**

It is FURTHER ORDERED that defendant's motion for partial summary judgment **[ECF No. 32] is DENIED** without prejudice to Vons's ability to file a motion for partial summary judgment on this same, limited topic within 10 days of the ruling on the motion in limine **[ECF No. 44]**.

Dated: December 27, 2019

_____
U.S. District Judge Jennifer A. Dorsey