# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Francine Scolaro, | Case No.: 2:17-cv-01979-JAD-VCF |
| Plaintiff | |
| v. | **Order Granting Renewed Motion for Partial Summary Judgment** |
| Vons Companies, Inc., | [ECF No. 70] |
| Defendant | |

One summer evening, plaintiff Francine Scolaro slipped and fell while perusing the frozen-pizza sale at a Vons store in Las Vegas.[1] She sues Vons Companies, Inc. for her injuries, which she alleges include a torn rotator cuff. Last year, the grocer moved in limine to preclude Scolaro's treating nurse practitioner from offering testimony about the cause of Scolaro's shoulder injury, arguing that she was unqualified to do so.[2] Although an expert is not always necessary to prove causation, I found that Scolaro required one because the cause of her shoulder injury was not readily apparent and thus outside the scope of lay witness testimony.[3] But the nurse practitioner's qualifications as an expert were unclear based on the record, so I ordered a *Daubert* hearing before ruling on the grocer's motion.

Before the parties could parse the nurse practitioner's qualifications, the grocer moved for summary judgment on Scolaro's claim for damages for her shoulder injury.[4] I denied the motion for summary judgment as premature but did so without prejudice to the store's ability to

---

[1] ECF No. 71-1 at 36. The parties are familiar with the facts, so I do not repeat them here. For a full summary of the facts, see ECF No. 56.

[2] ECF No. 44.

[3] ECF No. 56 at 18–19.

[4] ECF No. 32.

refile it after I resolved whether the nurse practitioner could provide causation testimony. After the *Daubert* hearing, I granted the store's motion in limine because it was clear that the nurse was unqualified to provide causation testimony or a reliable opinion, leaving Scolaro without an expert to testify that her shoulder injury was caused by her fall.[5]

The grocer now renews its motion for summary judgment, arguing that Scolaro cannot prove the causation element of her negligence claim for her shoulder injury[6] because she does not have an expert to do so. Scolaro does not dispute that she lacks the necessary expert testimony.[7] Instead, she responds that the store is not entitled to summary judgment because it has not provided evidence on causation[8] and she doesn't need an expert to establish causation because she can do so through circumstantial evidence.[9] But it's not the store's burden on summary judgment to provide evidence for issues on which it does not bear the burden of proof at trial—it need merely demonstrate that the evidence shows the absence of a genuine material factual issue.[10] And because I already held that Scolaro needs an expert to prove causation for

---

[5] ECF No. 66.

[6] *See Clark Cnty. Sch. Dist. v. Payo*, 403 P.3d 1270, 1279 (Nev. 2017) ("It is well established that to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages.") (quoting *Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009)); *Goodrich & Pennington Mortg. Fund, Inc. v. J.R. Woolard, Inc.*, 101 P.3d 792, 797 (Nev. 2004) (defining proximate cause as "any cause which in natural [foreseeable] and continuous sequence, unbroken by any efficient intervening cause, produces the injury complained of and without which the result would not have occurred") (citation and internal quotation marks omitted) (alteration in original).

[7] *See* ECF No. 71 at 5 ("Plaintiff can (and does) meet her burden to demonstrate causation despite being unable to introduce expert testimony as to the cause of her shoulder injury.").

[8] ECF No. 71 at 4–5.

[9] *Id.* at 5–11.

[10] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

this injury, I do not reconsider that holding here.[11]  So I grant the store's motion for partial summary judgment because Scolaro cannot provide evidence to create a genuine issue of fact as to the causation element of her negligence claim for her shoulder injury because Scolaro needs, but does not have, an expert to prove that the fall caused her shoulder injury.

IT IS THEREFORE ORDERED that Vons Companies, Inc.'s motion for partial summary judgment **[ECF No. 40] is GRANTED**.  At trial, Scolaro may not introduce evidence of her shoulder injury.

_____
U.S. District Judge Jennifer A. Dorsey
December 28, 2020

---

[11] ECF No. 56 at 18–19.